## HONORÉ MANN *v.* MARCELIN MAJOR.

Where in an action on a note, defendant claimed a credit for a sum proved to have been paid to plaintiff, but the latter alleged that the payment was made in discharge of another debt: *Held,* that it was for the plaintiff to show that he was the holder of another obligation, which had been, or ought to have been, credited with the amount.

Defendant, in answer to an action on his note, averred that plaintiff had received a certain other note to be collected from the endorser thereof, and the proceeds applied to the payment of the note sued on; that he had neglected to protest the note so given, thereby discharging the endorser; and that the amount of this note should be considered as so much paid towards the note sued on. Defendant annexed to his answer plaintiff's receipt, which stated that he had received the note "*à recouvrir contre P. J.,*" the endorser. Defendant having offered witnesses to prove, that the note received by plaintiff was given in final discharge of the note sued on, the evidence was excluded below, on the ground that it was inconsistent with the receipt annexed to the answer. On appeal: *Held,* that the evidence should have been received.

APPEAL from the District Court of Point Coupée, *Deblieux,* J.

MARTIN, J. The defendant sued on his promissory note for $500, resisted the claim, on the ground that it had been paid. He avers, that on the 20th of April, 1839, the plaintiff received from Pourciau, a note for $203 50, to be collected from Joffrion, the endorser; that the plaintiff utterly neglected to have said note protested, and the endorser notified, whereby the latter has been discharged; that the plaintiff is bound to credit the defendant's note by the amount of that of Joffrion; and that the plaintiff has also received $302 89, so that he owes to the defendant $5 09, for which judgment is prayed.

The court admitted the payment of $302 89, but rejected the pretensions of the defendant to the amount of Joffrion's note, and gave judgment for $197 13, in favor of the plaintiff, reserving to the defendant any claim he may have against the former, in regard to Joffrion's note.

The defendant appealed; and the plaintiff has prayed, that the judgment may be amended, and given for the full amount of the defendant's note. A credit for the sum of $302 89 was claimed, and allowed, on the plaintiff's receipt therefor, in part *payment of an obligation for a larger sum, of which he is the bearer.* His

counsel urges that the court erred, there being no evidence to con-
nect this receipt with the defendant's note; and that the receipt
was given in reference to another transaction between the plain-
tiff and defendant, which it would be difficult for him, at this dis-
tance of time to prove, and which he is not bound to do.   The note
sued upon was payable on the 1st of April, 1838, and the partial
payment, evidenced by the plaintiff's receipt, is dated the 13th of
May, 1838, about six weeks after the maturity of the note, which
corresponds, in its amount at least, with that described in the re-
ceipt.   It is impossible for the defendant to prove that the plain-
tiff held no other obligation of his than the note sued upon, which
must be credited by the payment, unless the plaintiff holds another
obligation of the defendant.   If he do, he may easily prove it, and
is bound to do it, because he cannot successfully resist the defen-
dant's claim to a credit, unless he show, that there is in his hands
another obligation, which has been, or ought to be credited with
the amount.

The second credit was claimed on a receipt of the plaintiff to
Pourciau, for a note of Joffrion's, to be collected.   On this part
of the case, the defendant's counsel relies on a bill of exceptions,
which he took to the opinion of the court refusing him leave to
introduce testimonial proof, that the note received by the plaintiff
from Pourciau, was to have been taken in final discharge of the
note sued on.   The court rejected the testimonial proof, on the
ground that it did not agree with the averments in the answer.[*]

The counsel for the defendant urges, that the court erred : 1st.
In not considering the receipt given by the plaintiff on the 20th
of April, 1839, for the claim against Joffrion, as a payment by the
endorser, Pourciau, for the benefit of the defendant.

2d. In not permitting the defendant to prove that it was taken
in payment, and that plaintiff lost its amount by his own neglect.

---

[*] The document annexed, to which allusion is made, was in these words:

"*Reçu de M. Poureiau une obligation de la somme de* $203 50 *à recouvrir contre
M. Paulin Joffrion.   Pointe Coupée,* 20 *Avril,* 1839.   H. MANN."

The bill of exceptions recites, "that the defendant offered testimony to prove that
a note for $203 50 was to be taken by plaintiff, in final discharge of the note sued
on, which testimony the court rejected as not agreeing with the documents in the
answer

On the first point, we are of opinion that nothing in the pleadings, or evidence, authorized the court to consider that Pourciau, the endorser of the note sued on, had given to the plaintiff the note to be collected from Joffrion, in discharge of the note for the payment of which he was liable, as it is pretended. Nothing shows this to be the fact. Pourciau gave the note, of which Joffrion was endorser, to the plaintiff, upwards of twelve months after the maturity of that now sued on, which is not shown to have been protested, so as to create any responsibility on Pourciau, as endorser.

But it appears to us, that the court erred, in refusing leave to the defendant and appellant to show, by testimony, that the intention of Pourciau in giving, and that of the plaintiff and appellee in taking the note of which Joffrion was endorser, on collection, was, that its proceeds, when collected, should be credited on the note on which the present suit is brought.

It is, therefore, ordered, that the judgment be annulled and reversed, and that the case be remanded for a new trial, with directions to the First Judge to permit parol evidence to be introduced of the intention of the plaintiff and appellee, in receiving the note on which Joffrion was endorser, to credit the proceeds of it, when collected, on the note now sued upon ; and that he pay the costs of the appeal.

*L. Janin*, for the plaintiff.

*R. N.* and *A. N. Ogden*, for the appellant.